| | |
|---|---|
| PAULA STANOVICH, Independent Administrator of the Estate of KAREN DEE STANOVICH, deceased, | United States District Court<br>Northern District of Illinois |
| Plaintiff, | NO. |
| v. | **_JURY DEMAND_** |
| APRIA HEALTHCARE GROUP, LTD., a California corporation, (owned by BLACKSTONE GROUP, LP., a New York corporation) and MICHAEL SEED | RECEIVED<br>ℓP 7-3-12<br>JUL X 3 2012 |
| Defendants. | THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

12cv5290
Judge Ruben Castillo
Mag. Judge Sidney I. Schenkier

## COMPLAINT AT LAW

Now comes the pro se plaintiff, PAULA STANOVICH, Independent Administrator of the Estate of KAREN DEE STANOVICH, deceased, and complaining of the defendants, APRIA HEALTHCARE GROUP, LTD., hereinafter "Apria Healthcare", (owned by BLACKSTONE GROUP, LP.) and MICHAEL SEED and against each of them, says:

1.      On and before June 2, 2010, the defendant, APRIA HEALTHCARE, was a corporation organized and existing pursuant to the laws of the statue of Illinois, which at all times relevant and in connection with medical care and treatment rendered to the plaintiff's decedent, KAREN DEE STANOVICH, employed the defendant, MICHAEL SEED, as its actual agent.

2.      On and before June 2, 2010, the defendant, MICHAEL SEED, was a Technician within the state of Illinois, who at all times herein relevant and in connection with medical care

and treatment rendered to the plaintiff's decedent, KAREN DEE STANOVICH, acted as the actual agent of the defendant, APRIA HEALTHCARE.

3.     On June 2, 2010 the defendant, MICHAEL SEED, arrived at the home of the plaintiff's decedent, KAREN DEE STANOVICH, to deliver oxygen.

4.     On June 2, 2010 the defendant, MICHAEL SEED, completely disconnected plaintiff's decedent, KAREN DEE STANOVICH, from all oxygen tanks and life support while attempting to refill oxygen tanks

5.     On June 2, 2010 the defendant, APRIA HEALTHCARE, by and through its agent and employee, defendant, MICHALE SEED, individually, were negligent in one or more of the following respects:

    a.  Neglected to place Karen Dee Stanovich on an alternate portable oxyen unit.

    b.  Failed to recognize the severe distress and suffering Karen Dee Stanovich faced due to the immediate lack of oxygen.

    c.  Failed to assist Karen Dee Stanovich while she horrifically pleaded for help.

    d.  Deprived Karen Dee Stanovich of oxygen, which was essentially her life support.

6.     As a proximate cause of the aforesaid negligent acts and/or omissions by the defendant, APRIA HEALTHCARE, by and through its authorized agent and employee, defendant, MICHAEL SEED, individually, KAREN DEE STANOVICH fainted and collapsed in her home due to the lack of oxygen for her survival and was rushed by ambulance to Palos

Community Hospital on June 2, 2010, KAREN DEE STANOVICH remained hospitalized and never recovered, KAREN DEE STANOVICH died in the Critical Care Unit at Palos Community Hospital on June 6, 2010.

7.     On June 7, 2010 the plaintiff's decedent, KAREN DEE STANOVICH, left surviving her oldest daughter, Paula Stanovich, only son, Richard Stanovich, and youngest daughter, Mary Stanovich, each of whom suffered pecuniary loss and loss of Karen Dee Stanovich's society and companionship as a proximate cause of her death.

8.     This action is brought by Paula Stanovich, Pro Se, in her capacity as court appointed Independent Administrator of the Estate of KAREN DEE STANOVICH, deceased, and pursuant to the provisions of the Illinois Wrongful Death Act.

9.     Attached hereto is an affidavit submitted pursuant to Section 2-622 (2) of the Illinois Code of Civil Procedure.

WHEREFORE, pro se plaintiff, PAULA STANOVICH, Independent Administrator or the Estate of KAREN DEE STANOVICH, deceased, demands judgment against the defendants, APRIA HEALTHCARE GROUP, LTD., BLACKSTONE GROUP, LP., and MICHAEL SEED, and against each of them, in a sum in excess of One Million ($1,000,000.00) Dollars.

Pro Se Litigant
Paula Stanovich
13955 S. Leonard Drive, Unit #1N
Crestwood, IL 60445
(708) 253-7985

3

<u>AFFIDAVIT</u>

Paula Stanovich, Independent Administrator of the Estate of Karen Dee Stanovich, deceased, being first duly sworn on oath, deposes and states as follows:

1.     Your affiant has been unable to obtain a consultation otherwise required by Section 2-622(1) of the Illinois Code of Civil Procedure and this Complaint is being filed without the Medical Report otherwise required by said statute as the applicable statute of limitations would impair this action and the consultation required could not be obtained before the expiration of the statute of limitations.

FURTHER YOUR AFFIANT SAITH NOT.

_____
Paula Stanovich

SUBSCRIBED and SWORN

This 3rd day of July, 2012.

_____
        NOTARY PUBLIC

1